# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

CHRISTOPHER A. BROWN, )
)
        **Plaintiff,** )
)
vs. )    Case No. CIV-16-321-JHP
)
LAFERRY'S LP GAS CO., INC., )
)
        **Defendant.** )

## ORDER

Now before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim for which relief can be granted [Dkt. 13]. The Court has reviewed the briefs and arguments submitted by the parties and, having duly considered the same, finds as follows:

1. Plaintiff filed his Amended Complaint [Dkt. 9] on October 7, 2016.

2. Defendant filed its Motion to Dismiss Plaintiff's Amended Complaint [Dkt. 13] on October 21, 2016.

3. Plaintiff filed his Response to Defendant's Motion to Dismiss [Dkt. 15] on October 26, 2016.

4. Defendant filed its Reply to Plaintiff's Response to Defendant's Motion to Dismiss [Dkt. 16] on November 3, 2016.

## ARGUMENTS AND AUTHORITY

Plaintiff's Amended Complaint alleges that Defendant, through one of its supervisors (Mr. Applegate), discriminated against Plaintiff based upon his race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff claims that from April to June 2015 Mr. Applegate discriminated against him based upon his race, about which Plaintiff complained to

1

Mr. Applegate in late June 2015. Plaintiff does not assert that he complained of the purported discrimination to Mr. Applegate's superiors. Plaintiff alleges that, following his complaint to Mr. Applegate, the "other employees refrained from conversing with and speaking to Mr. Brown in the workplace." [Dkt. 9, ¶ 14]. Although Plaintiff's Amended Complaint omits the 'cold shoulder' language from his original Complaint, Plaintiff's allegation that the other employees stopped speaking to him is identical to his allegation in the original Complaint. [*Compare* Dkt. 2 at ¶ 12 and Dkt. 9 at ¶14]. On July 14, 2015, Plaintiff "resigned" from his position with Defendant to accept a job with a different employer. [Dkt. 9, ¶ 16].

Plaintiff does not allege that Defendant took any adverse action against him after he complained of the alleged discrimination to Mr. Applegate. Plaintiff does not claim that Defendant demoted him, reduced his salary or hours or otherwise changed the terms of his employment. Although not clearly plead, Plaintiff alleges he was constructively discharged in violation of Title VII because the other employees gave him the 'cold shoulder' and refrained from speaking to him. [Dkt. 9, ¶ 14]. However, the alleged conduct is insufficient to support a claim of constructive discharge under Title VII as a matter of law. As such, Plaintiff's claims fail to state a claim upon which relief may be granted and must be dismissed.

Further, Plaintiff alleges a claim for hostile work environment under Title VII due to Mr. Applegate's conduct. However, the allegations made by Mr. Applegate are not sufficiently severe or pervasive to support a claim of hostile work environment. As such, to the extent that Plaintiff asserts a claim for hostile work environment under Title VII, such claim is dismissed.

I. STANDARD FOR MOTION TO DISMISS.

Under federal law, mere labels or conclusory allegations will not survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("[A] plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 545-547. A court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee County Bd. Of County Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir.1991). Further, to properly state a claim for relief, Plaintiff must assert sufficient facts to support each element of his claim. *Huddleston v. Lumbermens Mut. Cas. Co.*, 942 F. Supp. 504, 510 (D. Kan. 1996) ("Although plaintiff need not state precisely each element of the claim, she must plead minimal factual allegations on those material elements that must be proved."). Therefore, the Court will not rely upon conclusory allegations and, if Plaintiff fails to allege sufficient facts regarding any element of his claims, the Court should dismiss those claims.

## II. RETALIATION AND CONSTRUCTIVE DISCHARGE.

Plaintiff asserts that Defendant violated Title VII by retaliating against him after he complained about racial discrimination. Specifically, Plaintiff claims the retaliation occurred via his constructive discharge as a result of his coworkers giving him the 'cold shoulder.' [Dkt. 9, ¶ 14]. Giving a coworker the 'cold shoulder' is insufficient to constitute retaliation or constructive discharge as a matter of law. To establish a prima facie case of retaliation under Title VII, a plaintiff must show that "(1) [he or] she engaged in protected opposition to discrimination; (2) [he or] she suffered an adverse action that a reasonable employee would have found material; and (3) there is a causal nexus between [his or] her opposition and the employer's adverse

3

action." *Johnson v. Weld Cty., Colo.*, 594 F.3d 1202, 1215 (10th Cir. 2010). In *Johnson*, the plaintiff alleged that "shortly after she first complained of discrimination, Mr. Speckman and Mr. Bogott gave her the "cold shoulder," sat farther away from her at meetings, became too busy to answer her questions, and generally tried to avoid her." *Id.* The foregoing claims in *Johnson* are virtually identical to Plaintiff's claims in this matter. In *Johnson*, the Tenth Circuit granted the defendant's motion for summary judgment finding that giving an employee the 'cold shoulder' does not constitute a materially adverse employment action and will not support a claim of retaliation. *Id.* Similarly, here, Plaintiff's claim that his coworkers gave him the "cold shoulder" fails to constitute a claim of retaliation as a matter of law. Consequently, Plaintiff's retaliation claim is dismissed.

"Nor can [Plaintiff] shoehorn the 'cold shoulder' into a materially adverse employment action by calling it a constructive discharge." *Thirkield v. Neary & Hunter OB/GYN, LLC*, 76 F. Supp. 3d 339, 351 (D. Mass. 2015), appeal dismissed (Feb. 25, 2015). The Tenth Circuit, has held that the "cold shoulder" does not suffice as a constructive discharge. *See Johnson*, 594 F.3d at 1217, n. 6. In *Johnson*, the Tenth Circuit specifically held that "[b]ecause Ms. Johnson's facts fail to meet the threshold required for a retaliation claim—a material adverse harm—it follows that those same facts cannot satisfy the higher threshold required for a constructive discharge claim." *Id.* Accordingly, Plaintiff's constructive discharge claim is dismissed because it fails to state a claim for which relief may be granted.

**III. HOSTILE WORK ENVIRONMENT.**

Plaintiff's allegation of a racially hostile work environment is dismissed because the alleged conduct is not sufficiently severe or pervasive. To establish a prima facie case of hostile work environment harassment, "a plaintiff must show that under the totality of the circumstances

(1) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment, and (2) the harassment was racial or stemmed from racial animus." *Bloomer v. United Parcel Serv., Inc.*, 94 F. App'x 820, 825 (10th Cir. 2004). "[H]arassment is actionable when it is sufficiently severe or pervasive to alter conditions of [the victim's] employment and create an ***abusive*** working environment . . . ." *Otero v. New Mexico Corr. Dep't*, 640 F. Supp. 2d 1346, 1358 (D.N.M. 2009) (emphasis added) (citation omitted). "In analyzing whether plaintiffs have made the requisite showing, the Court considers the work atmosphere both objectively and subjectively, looking at all the circumstances from the perspective of a reasonable person in the plaintiff's position." *Id.* In determining whether an environment is sufficiently severe or pervasive, the courts look to the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

Plaintiff alleges that Mr. Applegate made racially opprobrious comments on three separate occasions over an approximate three month period, which, taken together, were severe and pervasive enough to alter the terms of his employment. [Dkt. 9, ¶¶ 10-12]. However, the following allegation in Paragraph 12 of Plaintiff's Amended Complaint is race-neutral:

> On or about April, May, or June 2015, Mr. Brown was having a conversation with a female co-worker, a secretary/receptionist, wherein he was telling her that his wife was desirous of having another child. Mr. Applegate, who was overhearing the conversation, interjected himself and told Mr. Brown to the effect the following: Cool, you can just go get on welfare.

[Dkt. 9, ¶ 12].[1] While the foregoing statement is undoubtedly discourteous, it does not stem from

---

[1] Even if the Court were to consider this statement to be race-based, the totality of the conduct alleged by Plaintiff is still not sufficiently severe or pervasive to give rise to a hostile work environment claim, as discussed below.

racial animus. There is nothing inherently racial about receiving welfare benefits. As such, the allegations in Paragraph 12 cannot be considered in determining whether Plaintiff's allegations are sufficiently severe or pervasive to alter the terms of his employment.

Plaintiff alleges two incidents which, if taken as true, do stem from racial animus. Plaintiff alleges that,

> On or about April or May 2015, Timothy Applegate said the following to Mr. Brown: "Chris[,] do you know why the inside of black people's hands are white, and the bottoms of their feet are white?" Mr. Brown, in shock and disbelief at the question, looked at Mr. Applegate but did not say anything in response. Noticing that Brown was looking toward him, Mr. Applegate then positioned himself toward a wall and placed his hands against the wall, as if he was getting arrested and frisked.

[Dkt. 9, ¶ 10]. Plaintiff further alleges the following:

> On or about June 19, 2015, at approximately 7:55 a.m., Mr. Applegate said the following to Mr. Brown: "Hey Chris, Mr. Hayes (a co-worker) brought a leash and a collar to work today, you need to let him put the collar around your neck and walk you around with a leash at the Juneteenth Festival, when he goes to get the food. You know, like they used to do to slaves back in the day. I even got him a white hood to put on his head."

[Dkt. 9, ¶ 11]. The foregoing statements are not sufficiently severe or pervasive to alter the terms of Plaintiff's employment.

**The Alleged Conduct is Not Sufficiently Pervasive.**

The two foregoing statements are not sufficiently pervasive to alter the terms of Plaintiff's employment. "Casual or isolated manifestations of discriminatory conduct, such as a few sexual comments or slurs, may not support a cause of action." *Lowe v. Angelo's Italian Foods, Inc.*, 87 F.3d 1170, 1175 (10th Cir. 1996). "A plaintiff does not make a sufficient showing of a pervasively hostile work environment by demonstrating a few isolated incidents of sporadic slurs. Instead, there must be a **steady barrage** of opprobrious comments." *Morris v. City of Colorado Springs*, 666 F.3d 654, 666 (10th Cir. 2012) (emphasis added) (internal

6

quotations and alterations omitted). "[L]ess severe acts of harassment must be **frequent** or part of a **pervasive pattern** of objectionable behavior in order to rise to an actionable level . . . ." *Morris v. City of Colorado Springs*, 666 F.3d 654, 667 (10th Cir. 2012) (emphasis added) (citations omitted).

The foregoing allegations are too isolated to meet the pervasive requirement for establishing a hostile work environment claim. *See Chavez v. New Mexico*, 397 F.3d 826, 832 (10th Cir. 2005) ("two comments fall[s] far short of the 'steady barrage' required for a hostile environment claim."). Similarly, here, the two alleged comments fall "far short of the 'steady barrage' required for a hostile environment claim." *Id.* Therefore, the purported conducted is too isolated to support Plaintiff's hostile work environment claim.

**The Alleged Conduct is Not Sufficiently Severe.**

The foregoing statements are not severe enough to support Plaintiff's hostile work environment claim. "The mere utterance of a statement which engenders offensive feelings in an employee would not affect conditions of employment to a sufficiently significant degree to violate" Title VII. *Otero*, 640 F. Supp. 2d at 1358. "Title VII is not a code of workplace conduct, nor was it designed to bring about a magical transformation in the social mores of American workers." *Id.* "Indeed, the Supreme Court has anticipated that lower courts will filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." *Id.* "We have made it clear that conduct must be **extreme** to amount to a change in the terms and conditions of employment . . . ." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (emphasis added).

As discussed above, Plaintiff only alleges isolated acts of verbal harassment. Courts have held that isolated acts of verbal harassment are not sufficiently severe to alter the terms of

7

employment. *See Morris v. City of Colorado Springs*, 666 F.3d 654, 666-69 (10th Cir. 2012). Although Mr. Applegate's alleged conduct is inappropriate and offensive, it is not sufficiently extreme or sever to alter the terms of Plaintiff's employment. In any event, Mr. Applegate's purported verbal statements are certainly not equivalent to a physical assault, which is what is typically required when dealing with isolated incidents of misconduct, such as the present case. *Id.* As such, Plaintiff fails to state a claim for hostile work environment, and his hostile work environment claim is dismissed.

Plaintiff's reliance upon *Lounds v. Lincare, Inc.*, 812 F.3d 1208 (10th Cir. 2015), to support his hostile work environment claim is misplaced. *Lounds* is factually distinguishable from the present matter. In *Lounds*, the court found that there was a material question of fact regarding whether plaintiff's approximate **twenty** (20) instances of alleged race-based misconduct were sufficiently pervasive. Here, Plaintiff alleges only two instances of race-based misconduct. *Lounds* is not instructive of whether the alleged misconduct is sufficiently pervasive when *Lounds* involved approximately ten times as many instances of misconduct as Plaintiff alleges in the instant matter. Contrary to Plaintiff's assertion, *Chavez*, which involved two instances of purported race-based misconduct, is the most relevant Tenth Circuit authority on this issue. 397 F.3d at 832. In *Chavez*, the Tenth Circuit held that two instances of race-based misconduct falls "far short" of what is necessary to allege a hostile work environment claim. *Id.* Consequently, consistent with *Chavez*, this Court determines that Plaintiff has failed to plead sufficient facts to support his hostile work environment claim, and that claim is dismissed.

## IV. FURTHER AMENDMENT OF THE AMENDED COMPLAINT WOULD BE FUTILE.

The authorities discussed above show that giving an employee the 'cold shoulder' is not

sufficient as a matter of law to rise to the level of a materially adverse employment action. Plaintiff has not identified any other action taken by Defendant that Plaintiff was actually aware of during the approximate two to three week period between the date he complained of the inappropriate comments/jokes and the date he left Defendant to accept other employment. Further, Plaintiff's allegations regarding the purported comments made by Mr. Applegate do not support his hostile work environment claim. As Plaintiff explained in detail the content of Mr. Applegate's alleged remarks, amendment of the Amended Complaint will not provide any more clarity on this point. Therefore, an amendment to Plaintiff's Amended Complaint is futile and will not be permitted.

Accordingly, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is granted.

**IT IS SO ORDERED this 23rd day of January, 2017.**

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma